### ROBERT L. MILLS v. STATE.

No. A-1897.  Opinion Filed January 27, 1914.

Appeal from County Court, Tulsa County;
N. J. Gubser, Judge.

Robert L. Mills was convicted of a violation of the prohibitory law, and appeals. Reversed.

Luther James, for plaintiff in error.

Chas. West, Atty. Gen., and C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM. Upon an information filed on the 3d day of November, 1911, charging that ''On the 2d day of November, A. D. 1911, Robert L. Mills did unlawfully sell to one Shawnee Chisholm one glass of whisky,'' the plaintiff in error was tried and convicted, and in accordance with the verdict of the jury sentenced to be confined in the county jail for ninety days and pay a fine of three hundred dollars. Shawnee Chisholm, a Creek Indian, was the only witness for the state. His testimony indicates that he did not have any direct recollection of the transaction charged, and he was asked by the prosecuting attorney the following question: ''Q. Now, to refresh your memory, I will ask you if about five minutes ago, in the hall, you didn't tell me you bought a glass of whisky for which you paid him fifteen cents at that time at the restaurant in Sperry?'' Over the defendant's objection he answered: ''A. No, I did not say I bought whisky by the glass; I bought it that way; I bought fifty cents worth from him. Q. Did you buy a glass of whisky on that occasion? A. I don't know whether I bought a single glass or more, I don't know.'' After evasive answers to several leading questions, the record shows that Mr. Crossland, who was prosecuting the case, said: ''Judge, I think if you will put this man in jail awhile, he will remember it.'' On cross-examination he said that he had a fight with the defendant Robert L. Mills in his restaurant that day, and then went and had him arrested on this charge. That John Pritchard, Aaron Tyner, Ralph Tyner and Bruce Shawnee were all drunk and went with him to the defendant's restaurant, but they did not see him buy the whisky; that he swore out the warrant because he was mad at the defendant for putting him out of his place of business; that he had not spoken a word to the defendant since that time. Robert L. Mills,

the defendant, as a witness in his own behalf, testified that on the 2d day of November, last year, the prosecuting witness came into his place of business in the town of Sperry drunk and assaulted him, and they had a fight that resulted in the defendant throwing him out of his place of business, and the next day the prosecuting witness had him arrested for assault and selling whisky; that he had conducted a restaurant in Sperry for four years; had never sold any whisky to the prosecuting witness or any other person and did not have a federal license to sell whisky. It is earnestly insisted that the evidence is manifestly insufficient to sustain the verdict, and that the court erred in overruling a motion for a new trial, for this reason. Considering the contradictory statements of the complaining witness, and the admitted fact that he made complaint against the defendant because the defendant had whipped him, we do not think that his testimony was worthy of credence. The cases are rare in which this court interferes to disturb the judgment of the trial court, and it is only in a case where the verdict is clearly contrary to the evidence, or when from the doubtful character of the evidence against the defendant it is evident that the jury were influenced by passion or prejudice, that a new trial will be granted. It is our opinion that the verdict and judgment in this case are clearly contrary to the evidence. The judgment of conviction is therefore reversed.